## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNIVERSITY AT BUFFALO YOUNG AMERICANS FOR FREEDOM**; **JUSTIN HILL**; **JACOB CASSIDY**; and **AMELIA SLUSARZ**,<br><br>*Plaintiffs*,<br><br>v.<br><br>**UNIVERSITY AT BUFFALO STUDENT ASSOCIATION INC.**; **BRIAN HAMLUK** in his official capacity as the UB Vice President for Student Life; **ELIZABETH LIDANO** in her official capacity as the UB Interim Dean of Students; and **PHYLLIS FLORO** in her Official Capacity as the UB Director of Student Engagement,<br><br>*Defendants*. | **CASE NO.: _____**<br><br>**VERIFIED COMPLAINT** |

## INTRODUCTION

1.      It has been well-established since at least 1972 that affiliation with a national organization is "an impermissible basis upon which to deny First Amendment rights" of association to student organizations at public universities. *Healy v. James*, 408 U.S. 169, 186 (1972).

2.      But today, University at Buffalo Staff and the UB Student Association acting under authority from the University have done just that: Defendants have derecognized and barred Young Americans for Freedom from benefits on campus because they are a chapter of a national organization—Young America's Foundation.

3.      Associating together to engage in expression is fundamental to the rights of free speech and assembly protected by the First Amendment, "After all, "[i]f the government were free to restrict individuals' ability to join together and speak, it could essentially silence views that the First Amendment is intended to protect." *Rumsfeld v. Forum for Acad. & Inst. Rights, Inc.*, 547 U.S. 47, 68 (2006).

4.      Unfortunately, instead of protecting an open and free marketplace of ideas, Defendants have attempted to close the market for students who wish or need to affiliate with others in order to speak and/or amplify their message.

5.      Defendants' national-affiliation ban violates Young Americans for Freedom and its members' rights under the First and Fourteenth Amendments to the United States Constitution.

6.      Plaintiffs thus seek injunctive and declaratory relief and nominal damages to vindicate and safeguard these fundamental rights.

## JURISDICTION AND VENUE

7.      This civil rights action raises federal questions under the First and Fourteenth Amendments of United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

8.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

9.      This Court has authority to award the requested damages pursuant to 28 U.S.C. § 1343; the requested declaratory relief pursuant to 28 U.S.C. §§ 2201–2202; the requested injunctive relief pursuant to 28 U.S.C. § 1343 and Fed. R. Civ. P. 65; and costs and attorneys' fees under 42 U.S.C. § 1988.

10.     Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants reside in this district and all of the acts described in this Complaint occurred in this district.

**PLAINTIFFS**

11.     Plaintiff University at Buffalo Young Americans for Freedom (UB Young Americans for Freedom) is an expressive student organization at the State University of New York at Buffalo (UB) and an unincorporated association of students at UB.

12.     For the last two years UB Young Americans for Freedom has maintained over 100 members and it holds weekly meetings on campus regularly attended by approximately 20 students.

13.     UB Young Americans for Freedom has existed on the UB campus as a registered student organization since 2017 and is a chapter of the national non-profit organization, Young America's Foundation.

14.     As a chapter of Young America's Foundation, UB Young Americans for Freedom's purpose is to provide an environment for the students of UB to learn about United States history, the United States Constitution, individual freedom, a strong national defense, free enterprise, and traditional American values through student activities, on-campus lectures by local and national speakers, and service efforts for local US military and veterans.

15.     UB Young Americans for Freedom fulfills its purpose primarily by being an expressive organization.  It engages in a wide variety of expressive

activities, including posting flyers and signs, hosting tables with information, inviting speakers to campus, and talking with fellow students.

16.   When engaging in these expressive activities, UB Young Americans for Freedom and its members discuss political, religious, social, cultural, and moral issues and ideas.

17.   Plaintiff UB Young Americans for Freedom brings this action on behalf of itself and its members by and through its president, Justin Hill.

18.   Plaintiff Justin Hill is a rising senior student at UB and the president of UB Young Americans for Freedom.

19.   Plaintiff Hill brings this action on behalf of himself as a student and in his official capacity as the president of UB Young Americans for Freedom.

20.   Plaintiff Jacob Cassidy is a rising sophomore student at UB and a member of the UB Young Americans for Freedom executive board.

21.   Plaintiff Amelia Slusarz is a rising sophomore student at UB and a member of the UB Young Americans for Freedom executive board.

## DEFENDANTS

22.   Defendant University at Buffalo Student Association Inc. (SA or The Student Association) is a non-profit membership corporation under the laws of the State of New York.

23.   The Student Association's membership is comprised of all UB undergraduate students (as determined by the University).

24.     Students are automatically considered members of the Student
Association regardless of whether the students wish to participate or not.

25.     The Student Association is a "recognizing agent" of the University
and is authorized to act as the University's agent to recognize or derecognize
student organizations.

26.     The Student Association is funded by a mandatory Student Activity
Fee collected by the University from all undergraduate students and which the
University distributes as directed by the Student Association.

27.     Defendant Brian Hamluk is the UB Vice President for Student Life.

28.     Defendant Hamluk is Defendant Lidano's supervisor.

29.     Defendant Hamluk is sued in his official capacity.

30.     Defendant Elizabeth Lidano is the UB Interim Dean of Students.

31.     Defendant Lidano is Defendant Floro's supervisor.

32.     Defendant Lidano is sued in her official capacity.

33.     Defendant Phyllis Floro is the UB Director of Student Engagement.

34.     Defendant Floro is sued in her official capacity.

35.     On information and belief, Defendants Hamluk, Lidano, and Floro,
are responsible for the approval, rejection, amendment, repeal, and enforcement of
the UB Recognition Policies and related practices challenged in this lawsuit.

36.     On information and belief, Defendants Hamluk, Lidano, and Floro,
have the authority to revise the UB Recognition Policies and related practices

challenged in this lawsuit and to implement regulations prohibiting the Student

Association from refusing to recognize Plaintiffs' association.

37.    If it were not for the policies implemented by Defendants Hamluk,

Lidano, and Floro, the Student Association would not have the authority to

derecognize UB Young Americans for Freedom.

**FACTUAL BACKGROUND**

**UB Young Americans for Freedom**

38.    From its inception in 1960, Young America's Foundation has provided

a forum for American high school and college students to come together to cultivate

and grow their shared ideas and commitment to individual freedom, limited

government, a strong national defense, free enterprise, and traditional values.

39.    It accomplishes this in part through charting chapters on campuses

across the country.

40.    In or around 2017, students at UB formed their own Young Americans

for Freedom Chapter on campus.

41.    Since its formation, UB Young Americans for Freedom has actively

promoted debates on important cultural, political, and moral topics on campus.

42.    In the last few years alone, it has hosted Lt. Col. (Ret.) Allen West to

discuss whether America is systemically racist, and popular cultural commentator

Michael Knowles to discuss cultural responses to gender ideology.

43.    UB Young Americans for Freedom annually hosts the campus's "9/11

Never Forget Project."

44.     Last year, it hosted an event to collect school supplies to donate to those in need, and it regularly sets up a table on campus and in the Student Union to promote these events as well as provide information on traditional American values.

45.     During the school year, UB Young Americans for Freedom hosts weekly meetings where the members discuss political, social, and moral issues.

**The Student Organization Forum and its Benefits**

46.     UB set up a forum for student organizations to engage in expression and regulates that forum through recognizing (or not) certain student organizations.

47.     This forum is operated by the Office of Student Life, which is overseen by Defendants Hamluk  and Lidano, and the Office of Student Engagement which is overseen by Defendant Floro.

48.     On information and belief, Defendants Hamluk, Lidano, and Floro implemented the "Student Club and Organization University-Wide Recognition Policy" (the UB Recognition Policy). The UB Recognition Policy is attached as Exhibit 1.

49.     The UB Recognition Policy governs the benefits that come with recognition.

50.     The benefits include:

(A)     "Acknowledgement of the group as an affiliated organization of the University. Use of the University's name to indicate location of organization."

(B)     "Access to funding from the Mandatory Student Activity Fee (if recognized by a student government)."

(C)     "Utilization of UBLinked – the University's Interactive Student Organization web service."

(D)     "Ability to reserve/rent space on campus for events and meetings."

(E)     "Access to vendor and lobby tables in the Student Union."

(F)     "Privilege to apply for temporary office space in the Student Union."

(G)     "Privilege to conduct fundraising activities on campus."

(H)     "Eligibility to access a University at Buffalo Foundation Account for official organization business (only for organizations not recognized by student government)."

(I)     "Eligibility to participate in all membership recruitment opportunities offered through Student Engagement, as well as other campus resources and involvement activities."

(J)     "Access [to] Student Engagement resources including advising, leadership and diversity training programs, event planning, problem solving and referrals."

51.     Without recognition, student organizations do not have access to these resources.

**Policies for Student Organization Recognition**

52.     The UB Recognition Policy requires that a student organization receive recognition from a "University Recognizing Agent" to become a recognized student organization and access the benefits granted to such organizations.

53.     A University Recognizing Agent is "[a]ny student government, formal university department, or approved affiliated entity that will assist with the annual registration process and act as a liaison for appropriate university policies."

54.     The UB Recognition Policy authorizes Defendant Student Association to be an official University Recognizing Agent.

55.     Although university departments and other entities can act as a University Recognizing Agent, only student organizations that are recognized by the UB Student Association are eligible to access the Mandatory Student Activity Fees distributed to student organizations by the UB Student Association.

56.     The UB Recognition Policy includes some requirements for recognizing student organizations but leaves it up to each University Recognizing Agent to implement its own recognizing process and additional criteria.

57.     The UB Recognition Policy requires that "[a]ll Recognized Student Organizations must abide by the Rules and Regulations of their University Recognizing Agent."

58.     The UB Recognition Policy is implemented and enforced against Plaintiffs under the authority of the office of Student Engagement and Defendants Hamluk, Lidano, and Floro.

59.     Under the authority granted by the UB Recognition Policy and Defendants Hamluk, Lidano, and Floro, Defendant Student Association publishes additional Club Recognition Policies.

60.     UB Young Americans for Freedom has been a Recognized Student Organization under these, or prior, policies since 2017.

61.     On March 27, 2023, Defendant Student Association revised the policies that govern club recognition (the SA Recognition Policy).

62.     Defendant Student Association added the following criteria: "Except for clubs in the Academic, Engineering, or Sports Councils, and clubs whose sole purpose is to engage in inter-collegiate competition, no SA club may be a chapter of or otherwise part of any outside organization."

63.     The amended SA Recognition Policy is attached as Exhibit 2.

64.     The resolution to make these revisions was submitted by Student Association President Becky Paul-Odionhin, Vice President Sammi Pang, and Treasurer Alana Lesczynski.

65.     The SA Recognition Policy revisions were adopted approximately two weeks after Plaintiffs' hosted an event with Michael Knowles that garnered much attention and protests on campus.

66.     In adopting this revision at this time, the Student Body President sought legal counsel and told the Student Association Senate, "We all know why we're doing this," thereby admitting they were targeting Plaintiffs and their views.

67.     The resolution (2022-2023 – 28) to derecognize UB Young Americans for Freedom and other clubs that are affiliated with national organizations passed by a vote of seven in favor, one against, and five abstentions.

68.     On information and belief, this regulation (prohibiting clubs from being chapters of national organizations) was adopted in direct response to Plaintiffs' association with Young America's Foundation and was meant to limit Plaintiffs' ability to effectively communicate on campus.

69.     On information and belief, the Student Association and University were advised that the challenged policies violate the constitution and were given ample opportunity to revise the policies.

70.     Instead, the Student Association moved forward with derecognizing groups, including UB Young Americans for Freedom.

71.     On information and belief other derecognized groups include Brothers and Sisters in Christ (BASIC), Turning Point USA (TPUSA), Amnesty International, and Circle K (Kiwanis International).

**Defendants ban Young Americans for Freedom from the Student Association organization forum**

72.     Since 2017, UB Young Americans for Freedom has had a contract with Young America's Foundation to be a chapter and to use the Young Americans for Freedom name.

73.     Young Americans for Freedom is a trademark owned by Young America's Foundation.

74.     Without a contract with Young Americas Foundation, UB Young Americans for Freedom cannot exist as the organization it was formed to be.

75.     Student Association Resolution 2022-2023 - #32 states that "'all existing SA-recognized clubs shall have until May 31, 2023 to come into compliance with point 7 of the section entitled "Gaining Recognition" of the New Club Recognition Policy, and that any club's failure to do so will result in the automatic derecognition of that club."

76.     A copy of Student Association Resolution 2022-2023 - #32 is attached as Exhibit 3.

77.     Plaintiffs have not disaffiliated with Young America's Foundation.

78.     Thus, on or about June 1, 2023, Defendant UB Student Association derecognized UB Young Americans for Freedom because it is a chapter of Young America's Foundation.

79.     Because it is derecognized, UB Young Americans for Freedom is no longer eligible to receive the budget it was allocated from the Mandatory Student Activity Fee.

80.     In addition, UB Young Americans for Freedom is no longer eligible to operate as a student organization or receive the benefits listed in paragraph 50.

81.     Without these benefits, UB Young Americans for Freedom cannot effectively communicate its messages on campus.

82.     For example, it cannot reserve table space in the Student Union.

83.     It cannot reserve classroom space for its weekly meetings.

84.     It cannot reserve meeting space for guest speakers.

85.     Plaintiffs Hill, Cassidy, and Slusarz as well as members of YAF desire to associate together under the name Young Americans for Freedom.

86.     Plaintiffs Hill, Cassidy, and Slusarz as well as members of YAF desire to associate with Young America's Foundation and remain a chartered student chapter of that national organization.

87.     Defendants' policies prohibit Plaintiffs from associating with Young America's Foundation as a chapter, or from using their name (which they have had for six years at UB), "UB Young Americans for Freedom."

**Organizations with similar "purposes" are allowed to be chapters of an "outside organization."**

88.     Under the UB Student Association RSO Policy, organizations that are assigned to the "Academic, Engineering, or Sports Councils, and clubs whose sole purpose is to engage in inter-collegiate competition" are allowed to continue to be chapters of outside organizations.

89.     For example, the Economics Club, the Environmental Network Club, the Philosophy, Politics, and Economics Club, and the Political Science Undergraduate Student Association are permitted to affiliate with a national organization if they so wish.

90.     Each of these clubs addresses economic, philosophical, or political content.

91.     Under the UB Student Association RSO Policy, student organizations are assigned to these "councils" by the Student Association Vice President.

92.     The only guidelines governing the SA Vice President's actions is that "The club's purpose shall be the identifier for which council they are recognized into, and this shall be determined by the SA Vice President."

93.     In addition, "SA will assign clubs based on the following council descriptions:

(A)     Academic Council - A club whose activities and purpose relate to an academic field of study (excluding Engineering).

(B)     Engineering Council - A club whose activities and purposes relate to engineering.

(C)     Hobby Council - A club whose activities and purpose are considered hobbies.

(D)     International Council - A club whose activities and purpose relate to ethnic cultures or recognized Nations outside of the United States.

(E)     People of Color Council - A club whose activities and purpose is to increase the representation of POC members within a given interest or field of study, in the United States.

(F)     Special Interest Council - A club whose activities and purpose relates to a specialized interest.

(G)     Sports Council - A club whose activities and purpose are that of competing and/or participating in a particular sport."

14

94.     No policy by any Defendant includes a comprehensive list of objective criteria for recognizing student organizations.

95.     Both the UB Recognition Policy and the SA Recognition Policy give discretion to University Officials and Student Association officials to deny student organizations recognition based on the content and viewpoint of the organization's speech.

**Defendants' Exclusion Policies Harm Plaintiffs**

96.     Plaintiff UB Young Americans for Freedom, and its members, including Plaintiffs Hill, Cassidy, and Slusarz, desire to assemble as UB Young Americans for Freedom.

97.     Plaintiffs desire to affiliate with Young America's Foundation as a chapter organization.

98.     Affiliating with Young America's Foundation enhances the effectiveness of Plaintiffs' speech by, among other things, providing name recognition associated with a national organization and by providing access to the resources, network and support offered by Young America's Foundation.

99.     Without the funding and support offered by Young America's Foundation, Plaintiffs ability to effectively speak and assemble will be greatly diminished.

100.    Because Young Americans for Freedom is a trademark of Young America's Foundation, and because Plaintiffs wish to associate with Young America's Foundation, they have been removed and banned from the forum created for student organization expression through Student Association recognition.

101.    Defendants' policies exclude UB Young Americans for Freedom and its members, including individual plaintiffs, from the Student Association's recognition forum because of their association with Young America's Foundation.

102.    Defendants' policies exclude UB Young Americans for Freedom and its members, including individual Plaintiffs, from access to funding available to other groups because of their association with Young America's Foundation.

103.    Defendants' policies require Young Americans for Freedom members, including individual plaintiffs to pay fees that are distributed in a viewpoint discriminatory manner.

104.    Each and all of the acts alleged in this complaint were done by Defendants, or their agents or persons under their control, under the color and pretense of state law, statutes, ordinances, regulations, customs, usages, or policies of the State of New York.

## CLAIMS

105.    Plaintiffs are suffering irreparable harm from Defendants' Recognition Policies and Defendants' enforcement of those policies.

106.    Plaintiffs have no adequate or speedy remedy at law to correct the deprivation of their rights by Defendants.

107.    Defendants' actions and policies, as set forth above, do not serve any rational, legitimate, or compelling state interest and are not narrowly tailored to serve any such interests.

108.   Because of Defendants' actions, Plaintiff UB Young Americans for Freedom and its members, including Plaintiffs Hill, Cassidy, and Slusarz have suffered, and continue to suffer, economic injury and irreparable harm, and are entitled to an award of nominal damages and equitable relief.

109.   Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to a declaration that Defendants violated their rights under the United States Constitution and to an injunction against Defendants' policy and actions.

110.   Additionally, Plaintiffs are entitled to nominal damages and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

## Claim One:
## Defendants are Violating Plaintiffs' First Amendment Right to Expressive Association; 42 U.S.C. § 1983

111.   Plaintiffs repeat each of the allegations in paragraphs 1–110.

112.   Implicit in the free exercise, speech, and assembly rights the First Amendment guarantees a corresponding right to associate with others in the pursuit of a wide variety of religious, political, social, economic, educational, and cultural ends.

113.   Plaintiffs engage in expression and expressive activities as a group.

114.   To further their expression and expressive activities Plaintiffs have affiliated with Young America's Foundation for six years.

115.   Without associating with Young America's Foundation, the amount and effectiveness of Plaintiffs' speech will be diminished and they cannot exist as UB Young Americans for Freedom.

116.    Because Plaintiffs affiliate with Young America's Foundation, Defendants have derecognized them and excluded them from being recognized by the UB Student Association or receiving the benefits that come from being recognized by the UB Student Association including access to funding from the UB Student Association.

117.    This derecognition and exclusion is because of Defendant UB Student Association's recently enacted amendments to its SA Recognition Policy.

118.    This derecognition and exclusion is authorized by the UB Recognition Policy, enacted, overseen and enforced by Defendants Hamluk, Lidano, and Floro.

119.    Because UB Student Association has designated UB Young Americans for Freedom as a "Special Interest" club while those organizations designated as "Academic," "Engineering," or "Sports" related are allowed to be chapters of national organizations, Defendants' exclusion is based on the content of Plaintiffs' speech and expressive association.

120.    Because UB Young Americans for Freedom promotes educational content on similar topics as other organizations that are allowed to affiliate with national organizations, but does so from a conservative viewpoint, Defendants' exclusion is based on the viewpoint of Plaintiffs' speech and expressive association.

121.    Defendants' Recognition Policies and related practices of prohibiting Plaintiffs' association with Young America's Foundation violate Plaintiffs' right to Expressive Association under the First Amendment to the United States Constitution, both facially and as applied.

**Claim Two:**
**Defendants are Violating Plaintiffs' First Amendment Right to Freedom of**
**Speech by Engaging in Content and Viewpoint Discrimination**
**42 U.S.C. § 1983**

122.    Plaintiffs repeat each of the allegations in paragraphs 1–121.

123.    When a University opens a forum for student organization recognition, it cannot discriminate against groups because of the group's content without demonstrating that the discrimination is narrowly tailored to achieve a sufficiently compelling government interest. *See Widmar v. Vincent*, 454 U.S. 263, 270 (1981).

124.    Neither can it discriminate against a group because of its viewpoint.

125.    The SA Recognition Policy discriminates against Plaintiffs based on the content of their speech by assigning them a disfavored "Special Interest" Group status and excluding them from the SA Recognition forum because they associate with Young America's Foundation.

126.    The SA Recognition Policy discriminates against Plaintiffs based on their viewpoints by granting Student Association staff unbridled discretion to determine which organizations are eligible to affiliate with a national organization.

127.    The UB Recognition policy, and individual defendants who enact and enforce it, discriminate against Plaintiffs' viewpoint by granting the Student Association unbridled discretion to discriminate based on viewpoint.

128.    The UB Recognition Policy delegates to the Student Association the authority to recognize student organizations and control access to student activity fees.

129.   But the UB Recognition Policy does not include comprehensive neutral criteria to ensure that the Student Association recognizes organizations in a viewpoint neutral manner.

130.   The Student Association has used its unbridled discretion (granted to it by the UB Recognition Policy) to discriminate against Plaintiffs' viewpoints by passing the SA Recognition policy and by designating Plaintiffs to the disfavored "Special Interest" category while other organizations that address similar content are designated to groups that are permitted to affiliate with national organizations.

131.   Defendants' Recognition Policies and related practices of prohibiting Plaintiffs' association with Young America's Foundation violate Plaintiffs' right to Free Speech under the First Amendment to the United States Constitution, both facially and as applied.

### Claim Three:
### Defendants are Violating Plaintiffs' First Amendment Right to Assembly
### 42 U.S.C. § 1983

132.   Plaintiffs repeat each of the allegations in paragraphs 1–131.

133.   The First Amendment protects the right to peaceable assembly.

134.   This right includes the right to assemble with other groups or individuals without government interference.

135.   This right includes the right to associate with other groups or individuals without government interference.

136.   When the government refuses to recognize a student group because it affiliates with a national organization it is a prior restraint that requires the

government to meet a "heavy burden" to justify its exclusion. *See Healy v. James*, 408 U.S. 169, 184 (1972).

137.   Plaintiffs desire to associate with Young America's Foundation and assemble as a chapter organization of Young America's Foundation.

138.   Defendants have enforced their policy to refuse to recognize Plaintiffs' association because they affiliate with a national organization.

139.   Defendants cannot meet their heavy burden to justify this exclusion.

140.   Defendants violated the First Amendment right of assembly by refusing to recognize Plaintiffs' student organization solely because it affiliates with Young America's Foundation.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court enter judgement against Defendants and provide Plaintiffs with the following relief:

(A)    A declaratory judgment that Defendants' Student Organization Recognition Policies and related practices, to the extent they penalize Plaintiffs for associating with a national organization, violate Plaintiffs' rights under the First and Fourteenth Amendments facially and as-applied as delineated above;

(B)    A preliminary and permanent injunction prohibiting Defendants, their agents, officials, servants, employees, and any other persons acting on their behalf from enforcing Defendants' Student Organization Recognition Policies to deny registered or recognized

status to UB Young Americans for Freedom because it associates

with Young America's Foundation as a chapter;

(C)     Nominal damages against the Student Association Defendant for the

violation of Plaintiffs' constitutional rights;

(D)     Plaintiffs' reasonable attorneys' fees, costs, and other costs and

disbursements in this action pursuant to 42 U.S.C. § 1988; and

(E)     All other further relief to which Plaintiffs may be entitled.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable.


Respectfully submitted this 1st day of June, 2023.


s/Denis Kitchen
DENIS A. KITCHEN, P.C.
8899 Main Street
Williamsville, NY 14221
(716) 631-5661
denis@kitchenlaw.com

Tyson Charles Langhofer*
VA Bar No. 95204
Jonathan Caleb Dalton*
VA Bar No. 83790
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
tlanghofer@ADFlegal.org
cdalton@ADFlegal.org

*Attorneys for Plaintiffs*

***Pro Hac Vice Application Forthcoming***

## DECLARATION UNDER PENALTY OF PERJURY

I, Justin Hill, a citizen of the United States and a resident of the State of Georgia, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this 1st day of ____June____, 2023, at Cobb County, GA.

## DECLARATION UNDER PENALTY OF PERJURY

I, Jacob Cassidy, a citizen of the United States and a resident of the State of New York, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this 31st day of _May_, 2023, at _9:30 PM_, at Erie County, New York.

_Jacob Cassidy_

## DECLARATION UNDER PENALTY OF PERJURY

I, Amelia Slusarz, a citizen of the United States and a resident of the State of New York , hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed this 1st day of June , 2023, at Erie County New York .

*Amelia Slusarz*

26