**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNIVERSITY AT BUFFALO YOUNG AMERICANS FOR FREEDOM; JUSTIN HILL; JACOB CASSIDY; and AMELIA SLUSARZ,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNIVERSITY AT BUFFALO STUDENT ASSOCIATION, INC.; BRIAN HAMLUK in his official capacity as the University at Buffalo Vice President for Student Life; ELIZABETH LIDANO in her official capacity as the University at Buffalo Interim Dean of Students; and PHYLLIS FLORO in her Official Capacity as the University at Buffalo Director of Student Engagement,<br><br>*Defendants.* | CASE NO.: 1:23-cv-00480<br><br>THE HONORABLE<br>LAWRENCE J. VILARDO<br><br>**Jury Trial Demanded** |

**PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO FILE
SECOND AMENDED VERIFIED COMPLAINT**

TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1

FACTUAL BACKGROUND.................................................................................... 1

ARGUMENT ......................................................................................................... 2

    I.    Amending the complaint would not cause undue delay............................ 2

    II.    Plaintiffs seek to amend the complaint in good faith................................ 3

    III.    By amending, Plaintiffs seek to address issues first raised by Defendants' motions to dismiss.................................................................. 3

    IV.    Amending the complaint would not be futile. ............................................ 4

CONCLUSION .....................................................................................................5

CERTIFICATE OF SERVICE .................................................................................. 7

### INTRODUCTION

Plaintiff UB Young Americans for Freedom and several of its officers respectfully seek leave under FED. R. CIV. P. 15(a)(2) to file their Second Amended Complaint. Such amendments should be freely granted as justice demands, as it does here given the early stage of the litigation and recent procedural developments.

Recently, Defendants moved to dismiss Plaintiffs' First Amended Verified Complaint. *See* Univ. at Buffalo Student Ass'n's Mot. to Dismiss, Doc. 24 (Sept. 8, 2023); Univ. Defs.' Mot. to Dismiss, Doc. 25 (Sept. 8, 2023). In the process, they cited many facts outside that complaint and explained many different aspects of the challenged policies, including their history, meaning, and objectives. As a result, Plaintiffs seek leave to amend their complaint to include additional critical facts supporting their previously asserted claims, to substitute a new defendant, and also to plead additional claims that became more evident after Defendants' motions.

### FACTUAL BACKGROUND

In the spring of 2023, Plaintiffs invited cultural commentator Michael Knowles to speak on campus on gender ideology. 1st Am. V. Compl. ¶¶ 48, 118, Doc. 21. After this, the Student Association, exercising the authority and discretion the other Defendants gave it, banned UB Young Americans for Freedom and select other student groups from affiliating with national organizations. *Id.* ¶¶ 66–67.

After Plaintiffs filed suit and sought a preliminary injunction, the Student Association repealed this policy and replaced it with another. Under this second policy, to gain recognition from Student Association (and thus access to student activity fee funding), the officers of a student group must certify that their group has no separate legal existence from the Student Association. And they must agree that their group cannot have "any accounts or financial activities" apart from the Student Association, cannot enter into contracts, and cannot even "commence litigation" to defend their own civil rights—litigation like this. *Id.* ¶¶ 72–79.

1

In response to this second policy, Plaintiffs withdrew their motion for a preliminary injunction against the affiliation ban and amended their complaint to challenge the new policy. Defendants moved to dismiss this complaint, arguing among other things that Plaintiffs never experienced any harm from the affiliation ban and never demonstrated any harm from the second policy. In the process, they submitted a total of three declarations (*i.e.*, Doc. 24-1, 24-6, and 25-2) and nine exhibits, raising many allegations outside of the complaint.

After reviewing Defendants' motions, Plaintiffs quickly concluded that they needed to amend their complaint. Not only could they expand upon the harms arising from both policies, but Defendants' explanations of their policies revealed additional claims for compelled association, compelled speech, and violations of the unconstitutional conditions doctrine. Thus, the parties stipulated to a deadline for Plaintiffs to file this motion for leave to amend their complaint. *See* Stipulation Establishing Pls.' Deadlines for Moving to Amend Compl. and Responding to Defs.' Mot. to Dismiss, Doc. 26 (Sept. 18, 2023); Text Order, Doc. 27 (Sept. 19, 2023) (resetting deadlines).

### ARGUMENT

This Court should grant leave to amend the First Amended Complaint's factual allegations and to add new legal claims. This Court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Indeed, leave can only be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by allowance of the amendment, futility of the amendment, etc." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). None of these factors apply here. Leave should be granted.

## I.    Amending the complaint would not cause undue delay.

Granting Plaintiffs' leave to amend their complaint would not cause undue delay, especially as they are seeking this leave so expeditiously. On September 8, 2023,

2

Defendants filed their motions to dismiss, citing facts outside the complaint and providing their first commentary on the challenged policies. Less than thirty days later, Plaintiffs are filing this motion. Granting Plaintiffs leave so early in this litigation would not result in any meaningful delay, especially as there are no hearings or other proceedings scheduled. Instead, it would allow the parties to proceed based on a more well-developed factual record, rendering this litigation more efficient.

## II.    Plaintiffs seek to amend the complaint in good faith.

Plaintiffs seek leave to amend the complaint in good faith. As Defendants' motions to dismiss—along with their declarations and exhibits—illustrate, there are additional facts outside of Plaintiffs' First Amended Complaint that speak to the sufficiency and justiciability of their claims. Plaintiffs seek this amendment in good faith to include important factual allegations that are directly relevant to addressing Defendants' arguments, including new exhibits and factual allegations not included in the currently operative complaint. Plaintiffs also seek to add a new defendant, now that Defendant Lidano has moved to a new post. And Plaintiffs seek to add new legal claims based on the information Defendants have provided about how their policies operate and what those policies mean.

Defendants would suffer no prejudice from an amended complaint. But without leave to amend, Plaintiffs would be prejudiced if this Court were to consider only the extraneous exhibits and cherry-picked facts Defendants offer in their motions to dismiss. Plaintiffs respectfully seek to ensure that this Court has all the facts needed for full and fair consideration of their claims—not just those favorable to Defendants.

## III.    By amending, Plaintiffs seek to address issues first raised by Defendants' motions to dismiss.

In filing this motion, Plaintiffs are seeking to address arguments that Defendants raise for the first time in their motions to dismiss. When Plaintiffs filed their First Amended Complaint, they were responding to Defendants' decisions to repeal

their policy banning certain student groups from associating with national organizations and instead to force student organizations to waive their right to exist, to raise funds, to enter contracts, and to defend their civil rights—all as the price of recognition and the benefits of that status.

When Defendants filed their motions to dismiss, they raised for the first time arguments about whether these policies harmed Plaintiffs, whether Plaintiffs' claims are justiciable, and whether the facts alleged are sufficient to plead legal claims. Plaintiffs have never before had a chance to address any of these issues. Thus, this Court should grant leave to amend here, as this is Plaintiffs' first opportunity to cure any alleged deficiencies as to its previously stated claims and their first opportunity to raise new claims presented by Defendants' explanations of their policies.

## IV.    Amending the complaint would not be futile.

Finally, amending the complaint would not be futile. For one thing, Plaintiffs seek to substitute a new defendant for Defendant Lidano, as she now holds a different position at the University. 2d Am. V. Compl. ¶ 39.

In addition, Plaintiffs seek to add facts to counter Defendants' arguments. For example, Defendants claim that Plaintiffs suffered no harm from the policy banning student groups from affiliating with national organizations. UB Student Ass'n's Mot. to Dismiss Br. at 9–13, Doc. 24-8; Odionhin Decl. ¶¶ 37–44, Doc. 24-1. Thus, Plaintiffs are seeking to amend the complaint to add allegations expanding on how this policy resulted in UB Young Americans for Freedom's derecognition, a fact that Defendants cannot just deem not to have occurred. 2d Am. V. Compl. ¶¶ 75–104.

Defendants insist that their policies are viewpoint neutral and not adopted to restrict speech. UB Student Ass'n's Mot. to Dismiss Br. at 19, Doc. 24-8; Odionhin Decl. ¶¶ 30–33, Doc. 24-1. Plaintiffs seek to amend the complaint to provide more details as to what led the Student Association to adopt the ban on affiliating with national organizations, the rationale given for it at the time, and how this led to the

policy requiring student groups to give up so many rights (*e.g.*, their rights to exist and to defend their liberties) to be recognized. 2d Am. V. Compl. ¶¶ 75–113. They also seek to detail the layers of discretion that this second policy gives Student Association to restrict their speech and association. *See, e.g., Id.* ¶¶ 119–20, 151–71, 175–80.

For their current policies, Defendants insist Plaintiffs have not sufficiently alleged any non-hypothetical harm from their lack of separate legal existence. UB Student Ass'n's Mot. to Dismiss Br. at 13–14, Doc. 24-8. So Plaintiffs seek to amend the complaint to catalog more extensively the harms this policy inflicts and the impediments it poses to their association and expression. 2d Am. V. Compl. ¶¶ 114–92.

These represent just a few examples of how Plaintiffs respond directly to the arguments that Defendants' motions to dismiss raised for the first time, illustrating how amending the complaint is not futile. What's more, Defendants' motions reinforced how they are not just restricting Plaintiffs' right to expressive association, but they are also compelling Plaintiffs to associate with groups with whom they fundamentally disagree and compelling Plaintiffs to express messages with which they disagree. Plus, they are forcing Plaintiffs to waive a litany of freedoms to obtain recognition and access to the forum for recognized student groups, which violates the unconstitutional conditions doctrine. Hence, Plaintiffs seek to add three new claims, 2d Am. V. Compl. ¶¶ 221–44, 281–97, again rendering this amendment far from futile.

### CONCLUSION

Plaintiffs seek leave to amend their complaint and include additional facts and allegations that could be critical to this Court's determination of the sufficiency of their claims. This motion is timely, sought in good faith, and represents Plaintiffs' first opportunity to address the issues Defendants raised in their motions to dismiss. The amendment would not be futile or cause any prejudice to Defendants. Thus, consistent with Rule 15's policy of liberally granting leave to amend, this Court should grant Plaintiffs leave to file their Second Amended Verified Complaint.

Respectfully submitted this 6th day of October, 2023.

_/s/ Jonathan Caleb Dalton_

DENIS A. KITCHEN
**DENIS A. KITCHEN, P.C.**
8899 Main Street
Williamsville, New York 14221
Telephone: (716) 631–5661
denis@kitchenlaw.com

TYSON C. LANGHOFER*
Virginia Bar No. 95204
JONATHAN CALEB DALTON*
Virginia Bar No. 83790
**ALLIANCE DEFENDING FREEDOM**
44180 Riverside Parkway
Lansdowne, Virginia 20176
Telephone: (571) 707–4655
Facsimile: (571) 707–4656
tlanghofer@ADFlegal.org
cdalton@ADFlegal.org

TRAVIS C. BARHAM**
**ALLIANCE DEFENDING FREEDOM**
1000 Hurricane Shoals Road N.E., Ste. D-1100
Lawrenceville, Georgia 30043
Telephone: (770) 339–0774
Facsimile: (770) 339–6744
tbarham@ADFlegal.org

* Admitted _pro hac vice._
** Motion for admission _pro hac vice_ pending.

_Attorneys for Plaintiffs_

6

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2023, I electronically filed the foregoing using the CM/ECF system, which automatically sends an electronic notification with this filing to all attorneys of record.

Respectfully submitted this 6th day of October, 2023.

/s/ *Jonathan Caleb Dalton*

JONATHAN CALEB DALTON\*
Virginia Bar No. 83790
**ALLIANCE DEFENDING FREEDOM**
44180 Riverside Parkway
Lansdowne, Virginia 20176
Telephone: (571) 707–4655
Facsimile: (571) 707–4656
cdalton@ADFlegal.org

\* Admitted *pro hac vice.*

*Attorney for Plaintiffs*

7